# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:14-CR-14-TLS |
| | ) | |
| RICHARD COUNCIL | ) | |

## OPINION AND ORDER

The Defendant, Richard Council, has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and *Hughes v. United States*, 138 S. Ct. 1765, 1776 (2018) [ECF No. 455]. For the reasons set forth herein, the Court DENIES the Defendant's Motion.

On May 4, 2017, the Defendant pled guilty to two counts of a two-count Indictment. Count 1 charged Conspiracy to Possess with Intent to Distribute 5 Kilograms or More of Cocaine, in violation of 21 U.S.C. § 846 and Count 2 charged Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c). On March 26, 2018, the Court sentenced the Defendant to 135 months on Count 1 and 60 months on Count 2, to run consecutive to Count 1.

There are limited grounds to revisit a sentence after it is imposed. *See United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003). Rule 35 allows adjustment of a sentence in three circumstances only: the judge may correct arithmetical, technical or other clear errors within seven days; the judge may correct a sentence on remand following an appeal; and the judge may reduce a sentence on a prosecutor's motion to reward substantial assistance that occurs after the date of sentencing. *United States v. Zingsheim*, 384 F.3d 867, 871 (7th Cir. 2004). 18 U.S.C. § 3582 also defines the circumstances under which district courts may modify sentences and otherwise prohibits district courts from doing so, unless "expressly permitted by statute or by

Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). The exception in § 3582(c)(2) provides that "[i]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2).

The Defendant's Motion is predicated on the assertion that he entered into a "Type-C Plea Agreement." The is a reference to Federal Rule of Criminal Procedure 11(c)(1)(C), which is an agreement that binds the court once the court accepts the plea agreement. The Defendant's Plea Agreement [ECF No. 220] with the Government contained only recommendations that were nonbinding on the Court. *See* Fed. R. Civ. P. 11(c)(1)(B). Accordingly, the holding in *Hughes*, that a defendant whose sentence was imposed pursuant to such an agreement may seek a reduction when the Guidelines range is amended, has no bearing in this case. In any event, there have been no retroactive amendments to the Sentencing Guidelines since March 26, 2018, the date the Defendant's sentence was imposed. Thus, he was not sentenced based on a sentencing range that has subsequently been lowered.

The Defendant asserts that his § 924(c) conviction would have been deemed unconstitutional. Even if that were an appropriate argument to make in the context of § 3582(c), it is not accurate. The "residual clause" that the Defendant references applies to the definition of a "crime of violence" and has no application to his possession of a firearm in furtherance of a "drug trafficking crime." *See Davila v. United States*, 843 F.3d 729, 730–31 (7th Cir. 2016) (concluding that a conviction under section 924(c) for use of a firearm in furtherance of a drug

offense is not rendered infirm by the Supreme Court's holding in *Johnson*). This case involves no valid grounds for a sentence reduction under 18 U.S.C. § 3582(c)(2).

## CONCLUSION

For the reason stated, the Defendant's Motion [ECF No. 455] is DENIED.

SO ORDERED on March 25, 2019.

                                        s/ Theresa L. Springmann
                                        CHIEF JUDGE THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT