**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:14-CR-14-5-TLS-SLC |
| RICHARD A. COUNCIL | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Richard Council's Motion for Reconsideration [ECF No. 472], filed on April 16, 2019. Defendant asks the Court to reconsider its March 25, 2019 Opinion and Order [ECF No. 461] denying his Motion [ECF No. 455] that sought a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and *Hughes v. United States*, 138 S. Ct. 1765 (2018). Defendant also raises new arguments that appear to be a collateral attack on his sentence under 28 U.S.C. § 2255.

**BACKGROUND**

On May 4, 2017, Defendant pled guilty [ECF No. 228] to a two-count Indictment [ECF No. 47]. Count 1 charged Conspiracy to Possess with Intent to Distribute 5 Kilograms or More of Cocaine, in violation of 21 U.S.C. § 846, and Count 2 charged Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c). *See* Indictment, ECF No. 57. On March 26, 2018, the Court sentenced the Defendant to 135 months on Count 1 and 60 months on Count 2 to run consecutive to Count 1. *See* ECF No. 365. A Judgment [ECF No. 366] was entered on March 26, 2018, and an Amended Judgment [ECF No. 367] was entered on March 30, 2018.

On February 19, 2019, Defendant filed a Motion for Reduction of Sentence [ECF No. 455], citing 18 U.S.C. § 3582(c)(2) and *Hughes v. United States*, 138 S. Ct. 1765 (2018). On

March 25, 2019, the Court denied the motion. *See* ECF No. 461. In its Opinion, the Court recognized that Defendant's February 19, 2019 Motion was predicated on the assertion that he had entered into a "Type-C Plea Agreement" under Federal Rule of Criminal Procedure 11(c)(1)(C), which is an agreement that binds a court once the court accepts the plea agreement. However, because Defendant's plea agreement in this case contained only recommendations that were nonbinding on the Court, *see* Fed. R. Civ. P. 11(c)(1)(B), the Court held that *Hughes v. United States* and its treatment of binding plea agreements under Rule 11(c)(1)(C) has no bearing in this case. Moreover, the Court noted that there had been no retroactive amendments to the Sentencing Guidelines since Defendant's sentence was imposed on March 26, 2018. The Court held that there was no valid ground for a sentence reduction under 18 U.S.C. § 3582(c)(2).

On April 16, 2019, Defendant filed the instant Motion for Reconsideration [ECF No. 472].

**ANALYSIS**

In the instant Motion for Reconsideration, Defendant first asserts the same arguments made in his February 19, 2019 motion, namely, that he entered into a Type-C plea agreement and is eligible for a sentence reduction under § 3582(c)(2) following *Hughes v. United States*. The Seventh Circuit Court of Appeals has recognized that "as a matter of general practice a motion to reconsider in a criminal prosecution is proper and may be entertained if it is filed in time." *United States v. Beard*, 745 F.3d 288, 291 (7th Cir. 2014) (citing *United States v. Rollins*, 607 F.3d 500, 504 (7th Cir. 2010)). The time limit is the 14-day period under Federal Rule of Appellate Procedure 4(b), which suspends the time for taking an appeal. *Id*. (citing *United States v. Redd*, 630 F.3d 649, 650 (7th Cir. 2011) (applying the 14-day rule to a motion to reconsider a ruling under § 3582(c)(2))). Applying the prison mailbox rule, *see Taylor v. Brown*, 787 F.3d

2

851, 858–59 (7th Cir. 2015), it appears that the Defendant's Motion for Reconsideration of the Court's March 25, 2019 Opinion and Order was timely filed on April 3, 2019.[1]

However, even though the motion is timely, this part of Defendant's motion is "nothing more in substance than a renewed motion under § 3582(c)(2)." *Beard*, 745 F.3d at 291 (citing *Redd*, 630 F.3d at 651); *see also United States v. Townsend*, 762 F.3d 641, 645 (7th Cir. 2014) (recognizing that reconsideration in the sentencing context is limited to three narrow situations (citing 18 U.S.C. § 3582(c)). Because the Court already determined that Defendant was not eligible for a sentence reduction under § 3582(c)(2), Federal Rule of Criminal Procedure 35 now applies and prevents the Court from making any further change to the sentence in the absence of any retroactive change to the Guidelines. *Beard*, 745 F.3d at 292 (citing *Redd*, 630 F.3d at 651). "In other words, prisoners only have one bite at the apple per retroactive amendment to the sentencing guidelines." *Id*. (citing *United States v. Goodwyn*, 596 F.3d 233, 235–36 (4th Cir. 2010)). The circumstances that led the Court to deny the Defendant's initial § 3582(c)(2) motion still apply because his term of imprisonment was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). Thus, this constitutes an impermissible successive § 3582(c)(2) motion. *Beard*, 745 F.3d at 292; *see also United States v. Demirjian*, 727 F. App'x 888, 889–90 (7th Cir. 2018); *United States v. Wysinger*, 689 F. App'x 456, 457 (7th Cir. 2017).

The Court, however, recognizes that the Motion for Reconsideration also raises new arguments unrelated to the request to reconsider the March 25, 2019 Opinion and Order. Thus, the Court considers whether the Motion for Reconsideration should be construed as a motion to

---

[1] The envelope in which the motion was sent does not have a date stamp; therefore, the Court relies on the date of the filing, which is April 3, 2019. The date of the Certificate of Service is "April 3, 2018; the Court understands this to be a scrivener's error that should read April 3, 2019.

3

correct a sentence as set forth in 28 U.S.C. § 2255. *See United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007) (holding that any post-judgment motion in a criminal proceeding that fits the description of a motion to correct a sentence as set forth in 28 U.S.C. § 2255 should be treated as a request for relief under that statute). In the Motion for Reconsideration, Defendant asserts that he "was entitled to effective assistance of counsel;" that his "guilty plea was not entered into knowingly, voluntarily, or intelligently, in violation of existing case law, requiring a reversal of said conviction" in violation of his due process and equal protection rights; that the Court allowed him "to enter into Type-C plea agreement, that's not favorable to the defendant where the Courts allowed the government to use the defendant as a coin and tossed-up and made him sign a plea where the drug amounts did not add up to the crime at hand the drug amount should had been split-up 6 ways many there are 5 co-defendants in this case, [Defendant] making the six person;" and that he "pleaded guilty to a crime without having been informed of the crime's elements." Def.'s Mot. for Reconsideration pp. 2, 4, 5, ECF No. 472.

Section 2255 permits a federal prisoner to collaterally attack his sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Defendant's new arguments appear to invoke these grounds as a collateral attack on his sentence within the scope of § 2255, even though the Motion for Reconsideration purports to invoke § 3582(c)(2). *See United States v. Purnell*, 481 F. App'x 262, 263 (7th Cir. 2012) (construing a filing labeled as a motion under § 3582(c)(2) as attacking his original sentence and substantively within the scope of § 2255 (citing *United States v. Boyd*, 591 F.3d 953, 955 (7th

4

Cir. 2010); *United States v. Lloyd*, 398 F.3d 978, 979–80 (7th Cir. 2005); *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004)).

Under § 2255(f), a defendant must file a § 2255 motion within one year after the date on which the judgment of conviction becomes final or the date on which the defendant could have discovered the facts supporting his claims "through the exercise of due diligence." 28 U.S.C. § 2255(f)(1), (4). A judgment becomes "final" once the deadline for filing a notice of appeal has expired. *Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013). The Amended Judgment was entered on March 30, 2018. Because the Defendant did not file an appeal, the judgment became final fourteen days later, on April 13, 2018. As it appears that the Defendant filed the instant motion on April 3, 2019, the motion, to the extent it is brought under § 2255, appears to be timely under § 2255(f)(1).

However, before the Court can recharacterize Defendant's Motion for Reconsideration as a § 2255 motion, the Court must warn him and provide him an opportunity to withdraw or amend the motion. *See Castro v. United State*, 540 U.S. 375, 377 (2003).

## CONCLUSION

Accordingly, the Court:

(1) WARNS Defendant that the Court intends to recharacterize the new arguments in his Motion for Reconsideration [ECF No. 472] as a first § 2255 motion;

(2) WARNS Defendant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions;

(3) GRANTS Defendant until March 20, 2020, to withdraw the motion or to refile the motion so that it contains all the § 2255 claims he believes he has; and

5

(4) WARNS Defendant that if he does not submit a withdrawal of the motion or a renewed motion by March 20, 2020, the Court will proceed to rule on the new arguments raised in the Motion for Reconsideration [ECF No. 472] as a first § 2255 motion.

SO ORDERED on February 18, 2020.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT